ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

SEP 23 2014

DAVID J. MALAND, CLERK
BY
DEPUTY_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | No. 4:13CR233 |
| | § | Judge Schell |
| v. | § | |
| | § | |
| ASHLEY NELSON (19) | § | |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### Count One

Violation: 18 U.S.C. § 371
(Conspiracy to Commit Bank Fraud in
violation of 18 U.S.C. § 1344)

### Introduction

1.     Bank of America and JP Morgan Chase Bank (collectively Financial Institutions)

were financial institutions insured by the Federal Deposit Insurance Corporation (FDIC).

2.     The Financial Institutions did not require their customers to present photo

identification during certain banking transactions when the customers provided debit cards and

entered the correct PIN numbers.

3.     Bank of America allowed their customers to cash non-Bank of America checks in

amounts in excess of funds on deposit in their accounts up to $300 before verifying whether or not

the checks were good.

### The Conspiracy and its Objects

4.     Between in or about March 2008, and continuing through on or about April 2008,

in the Eastern District of Texas and elsewhere, **Ashley Nelson**, defendant, intentionally,

knowingly and willfully conspired, confederated, and agreed with Natalie Bonner and other individuals known and unknown to the United States Attorney to devise a scheme and artifice to defraud and obtain money and property from the Financial Institutions by means of materially false and fraudulent pretenses and representations, a violation of 18 U.S.C. § 1344.

**Purpose of the Conspiracy**

5.      The purpose of the conspiracy was to defraud Financial Institutions by presenting checks for cash payments knowing the accounts had insufficient funds to cover the checks.

**Manner and Means of the Conspiracy**

6.      It was part of the manner and means of the conspiracy that:

a.      **Nelson** and other individuals opened bank accounts at the Financial Institutions and turn over the debit cards, personal identification numbers (PINs), and checks that they received to co-conspirators.  The conspirators used the debit cards and PINs as means of identification so they could negotiate checks that were issued by other banks.  These checks were written by the conspirators and drawn from bank accounts that had insufficient funds or had been closed.

b.      The conspirators cashed or attempted to cash the forged checks, with the intent to defraud the Financial Institutions, using the account holders' checking account as recourse for the amounts received.  These checks ranged in value from approximately $100 to $2,500.  In most cases, the withdrawals left the bank accounts overdrawn.

c.      As a result of **Nelson**'s participation in the conspiracy, Bank of America sustained a loss of approximately $15,500.00.

7.      **Overt Acts**

On or about the following dates, in furtherance of the conspiracy and to effect the objects of

the conspiracy, the co-conspirators committed, among others, the following overt acts in the Eastern District and elsewhere:

      a.     On or about March 6, 2008, **Nelson** opened Bank of America checking account x2184. **Nelson** received a temporary debit card and checks and in exchange for payment, gave the items and the PIN to Natalie Bonner knowing they would be used to commit fraud.

      b.     On or about March 10, 2008, Natalie Bonner and **Nelson** entered Financial Institutions and cashed or attempted to cash multiple checks payable to **Nelson**, knowing that there were insufficient funds to cover the checks.

      c.     Using **Nelson**'s debit card and PIN, Natalie Bonner cashed several checks. **Nelson** and Natalie Bonner knew the checks were worthless but that Bank of America would cash them before verifying funds.

In violation of 18 U.S.C. § 371.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

### Pursuant to 18 U.S.C. § 982(a)(4) and 28 U.S.C. § 2461

As the result of committing a violation of 18 U.S.C. § 371 as stated in this Information, the defendant shall forfeit to the United States all property, real or personal, that constitutes or is derived from proceeds traceable to the aforementioned violations, including but not limited to the following:

### Cash Proceeds

$15,500 in U.S. currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the foregoing offenses alleged in this Information

**Substitute Assets**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with a third person;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be subdivided without difficulty

it is the intent of the United States, pursuant to 18 U.S.C. § 982(a)(4), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendant.

By virtue of the commission of the offense alleged in this Information, any and all

interest the defendant has in the above-described property is vested in and forfeited to the

United States.

Respectfully submitted,

JOHN M. BALES
UNITED STATES ATTORNEY

Camelia Lopez
Assistant United States Attorney
Texas Bar No. 24036990
101 East Park Boulevard, Suite 500
Plano, Texas 75074
tel: (972) 509-1201
fax: (972) 509-1209
Camelia.Lopez@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 4:13CR233 |
| v. | § | Judge Schell |
| | § | |
| ASHELY NELSON (19) | § | |

## NOTICE OF PENALTY

### Count One

Violations:        18 U.S.C. § 371

Penalty:           Not more than five years imprisonment, a fine not to exceed
                   $250,000, or not more than the greater of twice the gross gain to
                   the defendant or twice the gross loss to one other than the
                   defendant, or both; supervised release of not more than three
                   years.

Special
Assessment:        $100.00